UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES EDWARD SCHMIDT,

    Plaintiff,

v.                                         Case No. 1:05-CV-781

                                           Hon. Gordon J. Quist

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

                                            /

**ORDER**

Plaintiff seeks judicial review of an unfavorable decision by the Commissioner of Social Security. This matter is now before the court on plaintiff's "Motion and order for advanced payment per [sic] transportation, lod[g]ing, and meals to attend hearings" (docket no. 12) and his motion to format documents in larger print size (docket no. 13).

First, plaintiff seeks an advancement from the court to cover his travel expenses for future court hearings in this matter. This court reviews Social Security Appeals based upon the administrative record and the parties' briefs. Because the parties do not appear in court, plaintiff will not incur any travel expenses. In the highly unlikely event that the court schedules a hearing in this matter, plaintiff will be responsible for his own travel expenses. While the Social Security regulations provide SSI applicants with limited travel reimbursement to attend medical examinations and agency hearings,[1] there are no similar reimbursement provisions for hearings in federal court. Accordingly, plaintiff's motion for advance payment (docket no. 12) is **DENIED**.

---

[1] *See* "Payment of certain travel expenses," at 20 C.F.R. §§ 416.1495, 416.1496, 416.1498, and 416.1499.

Second, plaintiff has filed a motion to require this court to format documents in a larger print size. In his motion, plaintiff states that he is "legally blind," that the court has not sent him documents in the proper format (which he describes as "20 point or large[r]," and has enclosed an Americans with Disabilities Act ("ADA") complaint form which plaintiff states that he "must file against -- honorable court in violation of A.D.A. laws." Plaintiff does not explain how this court has allegedly violated the ADA.

As an initial matter, the ADA does not apply to the federal government. As this court explained in *Isle Royale Boaters Association v. Norton*, 154 F.Supp.2d 1098, 1135 (W.D. Mich. 2001), *affirmed* 330 F.3d 777 (6th Cir. 2003):

> As to Plaintiffs' ADA claim, the only plausible section of the ADA under which this claim can be made under is 42 U.S.C. § 12132. This section provides that "[s]ubject to the provisions of this title, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *Id.* However, 42 U.S.C. § 12131 provides: "As used in this title: (1) Public entity. The term 'public entity' means--(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority ...." *Id.* Noticeably absent from this definition is any mention of any agency or department of the federal government, other than the National Railroad Passenger Corporation. In sum, Plaintiffs may not sue [the National Park Service], a unit of the federal government, for discrimination under the ADA. Plaintiffs have pointed to no case in which such a suit has been allowed against a unit of the United States government.

*Isle Royale Boaters Association*, 154 F.Supp.2d at 1135.

This court, as part of the federal government, does not fall within the definition of a "public entity" under the ADA. Plaintiff cannot with immunity simply reject this court's orders by claiming that the court failed to accommodate his disability. He does so at his own risk. *See Melton v. Freeland*, No. 1:96-cv-516, 1997 WL 382054 (M.D.N.C. Feb. 6, 1997) (rejecting plaintiff's claim that federal magistrate judge violated the ADA because he did not grant plaintiff additional time to file documents); *Turgeon v. Brock*, No. Civ. 94-269-SD, 1994 WL 803506 D. N.H. Dec, 20, 1994) (rejecting plaintiff's claim that a court-ordered deadline failed to provide plaintiff with reasonable

2

accommodations for his "numerous visual and neurological impairments" in violation of the ADA).

This court is aware that the administrative transcript, which is an exhibit in this case comprised of 593 pages of medical records and disability-related documents, contains print of various sizes, ranging from very small to very large. If plaintiff cannot read a particular document, whether it be a court order, a party's brief or an exhibit in the administrative record, then it is incumbent upon him to retain an attorney or locate an individual to assist him in this litigation.[2] Accordingly, plaintiff's motion to format documents in a larger print size (docket no. 13) is **DENIED**.

**PURSUANT TO THE COURT'S BRIEFING SCHEDULE, PLAINTIFF'S INITIAL BRIEF IS DUE NO LATER THAN MARCH 8, 2006. THE COURT WILL EXTEND THIS DATE AN ADDITIONAL TWO WEEKS UNTIL MARCH 22, 2006. PLAINTIFF IS ADVISED THAT HIS FAILURE TO FILE A BRIEF MAY RESULT IN THE DISMISSAL OF HIS SUIT.**

**IT IS SO ORDERED.**


Dated: March 6, 2006                     /s/ Hugh W. Brenneman, Jr.
                                         Hugh W. Brenneman, Jr.
                                         United States Magistrate Judge

---

[2] In this regard, the court notes that plaintiff has submitted documents to this court in a print size substantially smaller than 20-point type.